UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25-CV-00440-GNS

ARMYBASSANGLERS ENTERPRISE LLC                                PLAINTIFF

v.

JACKSON OUTDOORS, LLC, et al.                                DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Motions to Dismiss filed by Defendants Jackson Outdoors, LLC and Danny Jackson (DN 8, 10).  The motions are ripe for adjudication.

### I.        STATEMENT OF FACTS AND CLAIMS

In 2022, Plaintiff ARMYBASSANGLERS Enterprise LLC ("ABA") acquired the rights to military-themed "outdoor programming, media content, and brand assets" owned by ArmyBassAnglers, LLC.  (Compl. ¶ 12, DN 1).  One of these brands, ArmyRedfishAnglers, which produces television programming and carries on "related promotional efforts[,]" was licensed to Defendant Jackson Outdoors, LLC ("Jackson Outdoors") (Compl. ¶¶ 13, 21-22).  After ABA purchased the rights to ArmyRedfishAnglers, Shawn Dalrymple ("Dalrymple"), ABA's owner, met with Jackson Outdoors's owner, Defendant Danny Jackson ("Jackson"), via videoconference to clarify that "Jackson now worked for ABA under [Dalrymple's] leadership."  (Dalrymple Decl. ¶ 8, DN 11-1).

For more than three years, ABA and Defendants seemingly worked together without issue and Jackson Outdoors sent 29 monthly payments to ABA under the licensing agreement. (Dalrymple Decl. ¶ 9).  Their relationship allegedly began to sour, however, as Defendants "began exceeding the scope of their limited license rights and engaging in unauthorized conduct . . . ."

(Compl. ¶ 28).   The situation came to a head when Defendants allegedly filed a trademark application for the ArmyRedfishAnglers mark without ABA's knowledge.  (Compl. ¶ 31).  In addition, Defendants allegedly revoked ABA's administrative privileges and access to the ArmyRedfishAnglers social media accounts, failed to meet certain financial obligations, interfered with ABA's business relationships, and sent an email to ABA staff members and third parties claiming that ArmyRedfishAnglers was "no longer associated" with ABA.  (Compl. ¶¶ 34-35).

After sending a cease-and-desist letter to Defendants, ABA commenced this action, bringing claims under the Lanham Act and Kentucky state law.  (Compl. ¶¶ 37, 45-100).  Defendants now move to dismiss ABA's claims.  (Defs.' Mot. Dismiss, DN 8; Defs.' Mot. Dismiss, DN 10).[1]

## II.        DISCUSSION

Defendants seek dismissal for lack of personal jurisdiction.  (Defs.' Mot. Dismiss 1).  "[A] federal court must dismiss any claim for which it lacks jurisdiction without addressing the merits." *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012); *see also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over . . . the parties (personal jurisdiction)."   (citation omitted)).   "To exercise [personal] jurisdiction over an out-of-state individual, a federal court must satisfy the long-arm law of the [s]tate and federal due process." *Power Invs., LLC v. SL EC, LLC*, 927 F.3d 914, 917 (6th Cir. 2019) (citing *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 679 (6th Cir. 2012)).

---

[1] For reasons unclear to the Court, Defendants have filed two virtually identical motions to dismiss. All citations to the pending motion will be to DN 8.  Defendants did not file a reply.

Plaintiffs have the burden of establishing personal jurisdiction, but they "need only make a prima facie showing . . . ." *Moore v. Irving Materials, Inc.*, No. 4:05-CV-184, 2007 WL 2081095, at *2 (W.D. Ky. July 18, 2007) (citing *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998)); *see Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974). "Additionally, in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Weller*, 504 F.2d at 930). "When a district court rules on a jurisdictional motion to dismiss, without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff." *Moore*, 2007 WL 2081095, at *2.

### A.    <u>Kentucky Long-Arm Statute</u>

Federal courts in diversity cases apply the law of the state in which they sit to determine whether personal jurisdiction exists over a non-resident defendant. *See Third Nat'l Bank in Nashville v. WEDGE Grp., Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989) (citing *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1167 (6th Cir. 1988)). Kentucky's long-arm statute, KRS 454.210, extends jurisdiction only if "the cause of action 'arises from' conduct or activity of the defendant that fits into one of the statute's enumerated categories." *KFC Corp. v. Wagstaff*, 502 B.R. 484, 495 (W.D. Ky. 2013) (quoting *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011)). If the non-resident defendant's conduct does not fall into one of these categories, then that defendant is not subject to personal jurisdiction in Kentucky. *Id.* In relevant part, the long-arm statute provides:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:
> (a)    Transacting any business in this Commonwealth;
> (b)    Contracting to supply services or goods in this Commonwealth;

3

(c)      Causing tortious injury by an act or omission in this Commonwealth . . . .

KRS 454.210(2)(a)-(c).

The words "arising from" in the long-arm statute significantly limit the extension of jurisdiction. *See A.M. by Next Friend Cooper v. Phila. Indem. Ins. Co.*, No. 3:21-CV-364-GNS, 2022 WL 288192, at *2 (W.D. Ky. Jan. 31, 2022); *Lechleiter v. SEI/Aaron's, Inc.*, No. 3:15-CV-00694-GNS, 2015 WL 9275744, at *2-3 (W.D. Ky. Dec. 18, 2015). Personal jurisdiction cannot be extended to a non-resident simply because it engaged in one of the enumerated activities; a plaintiff "must also show that [its] claim is one that arises from the conduct or activities described in the [long-arm statute]." *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 55 (Ky. 2011). "This 'critical limitation on the statute's operation' ensures that the Court cannot exercise personal jurisdiction over a non-resident merely because [it] has engaged in conduct that fits within the enumerated categories." *A.M. by Cooper v. Va. Council of Churches, Inc.*, No. 3:17-CV-00539-RGJ, 2018 WL 4472734, at *3 (W.D. Ky. Sep. 18, 2018) (quoting *Caesars Riverboat Casino, LLC*, 336 S.W.3d at 55).

ABA first argues that the January 22, 2025, email that Jackson, acting on behalf of Jackson Outdoors, sent to ABA and its employees constitutes tortious injury by act or omission under subparagraph (c) of the long-arm statute. (Pl.'s Resp. Defs.' Mot. Dismiss 12-13, DN 11). According to ABA, the email was tortious because the "knowingly false and materially misleading statements were made for the purpose of redirecting business from ABA associated with the ArmyRedfishAnglers intellectual property to [Defendants] . . . ." (Pl.'s Resp. Defs.' Mot. Dismiss 13). ABA relies on the Sixth Circuit's acknowledgment in *Power Invs.* that the direction of fraudulent emails and phone calls to Kentucky can satisfy Kentucky's long-arm statute. (Pl.'s Resp. Defs.' Mot. Dismiss 13 (citing *Power Invs.*, 927 F.3d at 917)). This reliance is improper for

4

two reasons.  First, jurisdiction under Kentucky's long-arm statute was not contested in *Power Invs.* and the Sixth Circuit therefore did not analyze the issue.  *Power Invs.*, 927 F.3d at 917 ("All agree that Miller's lawsuit satisfies the Kentucky long-arm statute . . . .").  Second, the Sixth Circuit stated that all parties agreed that the defendant's activities satisfied the "conducting business" and "telephone solicitation" subparagraphs of the long-arm statute, not the "tortious injury" subparagraph.  *Id.* (citing KRS 454.210(2)(a)(1), (9) (2017) (amended 2017, 2024)).

Moreover, "Kentucky courts have dismissed the notion that an out-of-state defendant commits an 'act' in Kentucky by sending a tortious communication into the state." *Doe 1 v. Flores*, 661 S.W.3d 1, 5 (Ky. App. 2022) (citing *Blessing v. Chandrasekhar*, 988 F.3d 889, 901-02 (6th Cir. 2021)); *see also Pierce v. Serafin*, 787 S.W.2d 705, 706-07 (Ky. App. 1990).  In making this determination, Kentucky courts distinguish between "tortious acts" and "tortious consequences." *Blessing*, 988 F.3d at 901-02.  For subparagraph (c) of the long-arm statute to apply, a defendant must commit a tortious *act*—i.e., sending a communication—in Kentucky.  *Id.*  It is not enough for the *effect* of the act—i.e., the reception of a communication—to be felt in Kentucky.  *Id.* Accordingly, subparagraph (c) of the long-arm statute does not support jurisdiction.

ABA next advances that Defendants transact business and contract to supply services in Kentucky under subparagraphs (a) and (b) of the long-arm statute.  (Pl.'s Resp. Defs.' Mot. Dismiss 14-15).  ABA points to Defendants' payment of the monthly licensing fee, maintenance of ABA's social media accounts, promotion of ABA's sponsors, communication with ABA staff, promotion of ABA's television programming, and travel to expositions to promote ABA as evidence of Defendants' business transactions and provisions of services.  (Pl.'s Resp. Defs.' Mot. Dismiss 14).  As a sister court has explained:

> Under the "transacting any business" prong of the Kentucky long arm statute, the "use of the word 'any' . . . establishes that *even the slightest transaction is sufficient*

5

> *to bring a corporation within [the forum's] long-arm jurisdiction." Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 504-05 (6th Cir. 2014) (emphasis added).  Making phone calls, sending facsimiles, sending e-mails, letters or other communications, standing alone, "may be sufficient to confer jurisdiction on the foreign defendant where the phone calls and faxes form the bases for the action." *Rice v. Karsch*, 154 F. App'x 454, 460 (6th Cir. 2005) (quoting *Neal v. Janssen*, 270 F.3d 328, 332 (6th Cir. 2001)).

*Eat More Wings, LLC v. Home Mkt. Foods, Inc.*, 282 F. Supp. 3d 965, 969-70 (E.D. Ky. 2017) (alterations in original) (internal footnote omitted).

In this instance, Defendants met with Dalrymple and the ABA team after Dalrymple acquired ABA, knowing that the ABA team was based in Kentucky.  (Dalrymple Decl. ¶¶ 7-8). Defendants also sent 29 licensing payments to the ABA offices in Kentucky.  (Dalrymple Decl. ¶¶ 9-10; Pl.'s Resp. Defs.' Mot. Dismiss Ex. 3, DN 11-4).  Further, Defendants participated in regular videoconference staff meetings with Dalrymple, "most or all of which" while Dalrymple was in Kentucky.  (Dalrymple Decl. ¶ 16).  Throughout their working relationship, Defendants were in regular communication with Dalrymple and members of the ABA staff, presumably while they were in Kentucky.  (Dalrymple Decl. ¶ 17).  These activities constituted transacting business in Kentucky and ABA's claims arise from these actions.  Accordingly, jurisdiction is appropriate under Kentucky's long-arm statute.

### B.    Due Process

Kentucky's long-arm statute is not the end of the inquiry:  the exercise of personal jurisdiction must also comply with federal due process.  *Power Invs.*, 927 F.3d at 917 ("To exercise jurisdiction over an out-of-state individual, a federal court must satisfy the long-arm law of the [s]tate *and* federal due process."  (emphasis added) (citing *Miller*, 694 F.3d at 679)).  ABA argues only that specific personal jurisdiction exists, so the Court will only examine the issue of specific personal jurisdiction.  (Pl.'s Resp. Defs.' Mot. Dismiss 8, 10).

6

The Sixth Circuit uses the three-part *Mohasco* test to determine if the exercise of specific personal jurisdiction complies with federal due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007) (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

"In the Sixth Circuit, the emphasis on the purposeful availment inquiry is 'whether the defendant has engaged in some overt actions connecting the defendant with the forum state.'" *Eat More Wings*, 282 F. Supp. 3d at 972 (quoting *Beydoun*, 768 F.3d at 506). As discussed above, Defendants engaged in a multitude of overt connecting actions, including the participation in business meetings and the remittance of payments. Accordingly, the first prong of *Mohasco* is satisfied.

Second, the cause of action in this matter arises from Defendants' contacts with Kentucky. "If a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts." *High Adventure Ministries, Inc. v. Tayloe*, 309 F. Supp. 3d 461, 469 (W.D. Ky. 2018) (quoting *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1267 (6th Cir. 1996)). The operative facts of this controversy are Defendants' alleged "misappropriation of ABA's intellectual property and false statements claiming ownership over the business and goodwill associated with the ArmyRedfishAnglers intellectual property." (Pl.'s Resp. Defs.' Mot. Dismiss 18). Viewing the pleadings and affidavits in the light most favorable to ABA, Defendants' ongoing business relationship with ABA and the related contacts with Kentucky gave rise to these operative facts. Were it not for the business relationship between

7

Defendants and ABA, there would be no misappropriation or false statements.  Accordingly, the second *Mohasco* prong is satisfied.

Third, it is reasonable for this Court to exercise jurisdiction over Defendants.  "Where, as here, 'the first two criteria are met . . . only the unusual case will not meet this third criterion.'" *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 552 (6th Cir. 2016) (alteration in original) (quoting *Theunissen*, 935 F.2d at 1461).  In analyzing fairness, the Sixth Circuit considers "a number of factors, including:  '(1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the policy.'"  *Id.* (quoting *Air Prods.*, 503 F.3d at 554-55).

Defendants argue that the Court's exercise of jurisdiction over them would be extraordinarily burdensome. (Defs.' Mot. Dismiss 4).  Defendants cite the financial strain induced by out-of-state litigation and the fact that the contract, at the time it was signed, was between two "Texas entities in the State of Texas."  (Defs.' Mot. Dismiss 4-5).  To support their argument, Defendants rely on an out-of-circuit decision, *Ellicott Machine Corp., Inc. v. John Holland Party Ltd.*, 995 F.2d 474 (4th Cir. 1993).  (Defs.' Mot. Dismiss 4 (citing *Ellicott*, 995 F.2d at 479-80)). *Ellicott*, however, is unpersuasive because it dealt with the exercise of jurisdiction over an international defendant and specifically acknowledged that the fairness analysis is especially stringent for international defendants.[2]  *Ellicott*, 995 F.2d at 479 (stating that the fairness factors "apply with particular force in actions against" international defendants).  Indeed, the Supreme Court has recognized that "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching

---

[2] The other out-of-circuit case cited by Defendants, *TH Agriculture & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282 (10th Cir. 2007), is similarly unpersuasive because "[t]he [d]efendants are thirteen *European* insurance companies . . . ." *Id.* at 1285 (emphasis added).

8

the long arm of personal jurisdiction over national borders." *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 114 (1987). This, however, is not true with *state* borders: the Sixth Circuit has "upheld specific jurisdiction in cases where doing so forced the defendant to travel." *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003) (citing *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 911-12 (6th Cir. 1988); *Am. Greetings Corp.*, 839 F.2d at 1170-71). While this Court may not be the most convenient for Defendants, it is reasonable given the extent of their contacts with Kentucky. Accordingly, the extension of personal jurisdiction satisfies both due process and Kentucky's long-arm statute. Defendants' motion will be denied for these reasons.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (DN 8, 10) are **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
March 18, 2026

cc: counsel of record

9